MANDAN NEWS PUBLISHING COMPANY, a Corporation, Re-
spondent, v. THE BOARD OF CITY COMMISSIONERS OF
THE CITY OF MANDAN, NORTH DAKOTA, and H. L.
Henke, as President of, and C. E. Edquist, Thomas Conroy, J. B.
Fredericks, and N. H. Romer, as members of the said Board of
City Commissioners of the City of Mandan in the State of North
Dakota, and W. H. Scitz, as City Auditor of said City, Appellants.

(193 N. W. 608.)

**Newspapers — unnecessary and unauthorized composition to legal notice
not proper basis for computing publication fee.**

Where, in publishing a legal notice, a printer departs widely from the copy
and from directions given, adding useless and unnecessary composition, such
composition is not a proper basis for computing the legal publication fee under
chapter 93 of the Laws of 1921.

Opinion filed May 1st, 1923.

Newspapers, 29 Cyc. p. 703 n. 79 New.

Appeal from the District Court of Morton County, *Lembke, J.*
Reversed and remanded.

*C. F. Kelsch,* for appellants.

The verdict of the jury upon controverted issues of fact is conclusive
and binding upon the court in mandamus proceedings. 26 Cyc. 482,
note 68.

The verdict of the jury is sustained by substantial evidence, and that
the court has no power or authority in law to vacate and set aside such
a verdict. 16 N. D. 546; 20 N. D. 443; First State Bank v. Kelly,
30 N. D. 84.

The verdict of the jury upon an issue of fact upon which the evi-
dence is contradictory and upon termination of which the credibility of
the witnesses must be determined, is binding upon the court. Drinkall
v. Movius State Bank, 11 N. D. 10; Casey v. First Bank, 20 N. D.
211; Montana R. Co. v. Lebek, 32 N. D. 162; Senn v. Steffan, 37 N.
D. 491.

*T. J. Krause* and *C. L. Crum,* for respondent.

"Where the county clerk delivers to a publisher a mass of material

from which to ·publish an election notice and intrusts him with the responsibility of publishing such notice, the publisher, in order to charge the county for the work, is not required to employ such language or form as will occupy the least possible space and still comply with the law." People v. Alleghany County, 105 App. Div. 629, 93 N. Y. Supp. 1143, 105 App. Div. 40, 93 N. Y. Supp. 426.

"He (the judge) is a constituent part of the organization, but he is not the court. Nor is the court room the court, nor the jury room, nor the petit jury. The court is the totality of the constituent parts. It consists of the entire judicial organization for the trial of causes, and it is immediately present whenever and wherever—from the opening to the adjournment of the sitting—these constituent parts are actually performing the functions devolving upon them by law." 15 C. J. 715; Re Choate, 18 N. Y. Civ. Proc. Rep. 180, 186, (aff'd in 56 Hun, 351, 9 N. Y. Supp. 321, 18 N. Y. Civ. Proc. 230, 24 Abb. N. C. 430, 8 N. Y. Crim. Rep. 13 affd. in 121 N. Y. 678, 24 N. E. 1095).

A change of judges after verdict and before final decree does not change the court. For all judicial purposes it remains the same. See Hedrick v. Hedrick, 28 Ind. 291.

The court says it is not error to direct the entry of judgment notwithstanding the verdict when it is established by the evidence, as a matter of law; that a verdict should have been directed, and it further appears from the evidence that it is not probable that a different state of facts would be shown on another trial and a different result reached than that reached by directing judgment, notwithstanding the verdict. Richmire v. Andrews & G. Elevator Co. (N. D.) 92 N. W. 819.

The court is not bound to render judgment according to the verdict. See People ex rel. Dunkirk v. Batchelor, 53 N. Y. 128, 13 Am. St. Rep. 485. The syllabus in part reads as follows:

"B2, R. S. 587 § 37, it is provided that in case a verdict shall be found for the person suing out an alternative writ of mandamus, a peremptory mandamus shall be granted to him without delay.

"Held, that the relator is not entitled to a peremptory mandamus after verdict in his favor, where the record shows no legal right in respect to matters of fact."

A judgment of dismissal notwithstanding a verdict for plaintiff should be granted where the evidence precludes any right of plaintiff

to recover. McVeety v. Harvey Mercantile Co. 24 N. D. 245, 139 N. W. 586; L.R.A.1916E, 828.

Richman v. Muscatine County (Iowa) 42 N. W. 422. There was a change of judges in the same case and the supreme court in the sixth paragraph of the syllabus says: "Where a demurrer to a petition for certiorari was overruled and defendants made a return and at the further hearing a different judge presided, and in ruling upon the issues presented by the return, some of which were the same as those raised by the demurrer, held a different view of the law from that held by the former judge and made rulings opposed thereto. The latter rulings are the controlling ones in that court." Seery v. Murray (Iowa) 77 N. W. 1058.

BIRDZELL, J. The plaintiff applied to the district court of Morton county for a writ of mandamus commanding the officers of the city to issue a warrant in the sum of $862.27, which amount is alleged to be owing to the plaintiff for the publication of a special assessment notice in sewer district No. 1. The petition alleges the publication of the notice, the quantity of composition and that the legal fee, computed according to chapter 93 of the Session Laws of 1921, is $862.27. It also alleges a pretended audit of the claim and its allowance in the sum of $465.30, and further alleges that the audit was illegal and made with the intent to cheat and defraud the plaintiff out of the full payment of its fee. Upon presentation of the petition to the district court, an order was made directing the issuance of an alternative writ of mandamus. To the alternative writ the defendants make a return alleging that the publication should have contained a lesser number of lines and that the use of additional lines was unnecessary and not a proper basis for a legal charge against the defendant. The issues of fact were tried before a jury and a verdict rendered in favor of the plaintiff for $488.12 with interest. Thereafter a motion for judgment non obstante was made by the plaintiff and the court set aside the verdict and entered a judgment requiring the defendants to issue a warrant in the sum of $862.27. From this judgment the defendants appeal. No question is raised concerning the propriety of the remedy.

The specifications of error challenge the correctness of the trial court's ruling in setting aside the verdict of the jury and ordering judgment

directing the payment of the amount claimed.  It is claimed that there was not a reasonable compliance with the directions of the special assessment commission in the matter of the publication and that, in pursuing its own judgment in the matter, the plaintiff inserted much additional and useless composition for which it is not entitled to compensation at the legal rate.  The city engineer, who acted as clerk of the assessment commission, testified that he took the assessment list to the plaintiff for publication and gave directions to the plaintiff's manager with reference to the printing of the subdivision at the head of a column so that a single line of type would ordinarily suffice for each description; that plaintiff's manager said it would not make any difference in the cost whether he got it all in one line or two; that thereupon the witness stated, if it would not cost any more, it would not make any difference; that after leaving plaintiff's office he went back for further information, took a paper out of his pocket to show plaintiff's manager how such notices were published elsewhere; whereupon plaintiff's manager said: "My boy, I have been in this business twenty years; I know my business and know what I am doing."

The copy submitted is typed in form as follows:

| Subdivision | Description | | Benefit | Assessment |
|---|---|---|---|---|
| HEART VIEW | Lot | Block | | |
| do | 1 | 5 | $53.58 | $53.58 |
| do | 2 | 5 | 53.58 | 53.58 |
| do | 3 | 5 | 53.58 | 53.58 |
| etc. | | | | |

In the printed notice the same descriptions appear thus:

| Subdivision | Description | Benefit | Assessment |
|---|---|---|---|
| | Block | | |
| Heart View Addition, lot 1, .......... | 5 | $53.58 | $53.58 |
| Heart View Addition, lot 2, .......... | 5 | 53.58 | 53.58 |
| Heart View Addition, lot 3, .......... | 5 | 53.58 | 53.58 |
| etc. | | | |

In the case of one addition, known as Helmsworth & McLean's Addi-

tion, the name was long enough to warrant, if not require, the use of three lines of print and the name of the subdivision was composed in full for each description. In other instances where the name of the subdivision was so short that the full description would clearly not occupy more than one line, the word "lot" was repeated in each description instead of being placed at the head of the column (as in the copy submitted) similar to the word "Block"; so that by the repetition of this word in each individual description there was not left sufficient room on the line for placing the lot number. In this scheme of economy two lines are made to do the work of one. To illustrate, as it is printed it runs:

| Subdivision | Description Block | Benefit | Assessment |
|---|---|---|---|
| Mandan Proper, lot 1, . . . . . . . . . . . . . . . | 1 | $107.16 | $107.16 |
| Mandan Proper, lot 2, . . . . . . . . . . . . . . . | 1 | 107.16 | 107.16 |
| Mandan Proper, lot 3, . . . . . . . . . . . . . . . | 1 | 107.16 | 107.16 |

etc.

As it would have been had the printer followed the copy:

| Subdivision | Description | | Benefit | Assessment |
|---|---|---|---|---|
| MANDAN PROPER | Lot | Block | | |
| do | 1 | 1 | $107.16 | $107.16 |
| do | 2 | 1 | 107.16 | 107.16 |
| do | 3 | 1 | 107.16 | 107.16 |
| etc. | | | | |

An examination of the printed notice makes it perfectly apparent that the composition served the purpose of making a wasteful maximum a basis for the legal fee, the printer assuming the privilege and the responsibility of departure from the directions afforded by the copy. There can be no warrant for so wide a departure from the copy and the resultant excessive bill rendered. The verdict of the jury was clearly right. The trial court erred in setting it aside. The order of this court is that the judgment of the trial court be, and the same is, hereby re-

versed and the cause remanded with directions to enter judgment on the verdict.

BRONSON, Ch. J., and NUESSLE, CHRISTIANSON, and JOHNSON, JJ., concur. .